UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY G. BOYD,

                Plaintiff,

-against-

THE CITY OF NEW YORK,

                Defendant.

20-CV-2013 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

      Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that he was falsely arrested by officers of the New York City Police Department's 24th Precinct. By order dated March 16, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

      While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are taken from the complaint. On August 9, 2018, Plaintiff was sitting on a bench in front of the Silvermoon Bakery at 2740 Broadway in Manhattan when a cell phone on the bench next to him began to ring. Plaintiff maintains that the phone was left behind by someone who was previously sitting on the bench. (ECF No. 2, at 5.) Plaintiff answered the phone "hoping that the owner was calling." (*Id.*) When Plaintiff picked up the phone, New York City Police officers from the 24th Precinct emerged from a nearby van and placed him in handcuffs. (*Id.*) The officers told Plaintiff that they were arresting him and charging him with possession of stolen property because the cell phone he answered had been stolen at knifepoint. Plaintiff told the officers that somebody left the phone on the bench and that he did not know it

was stolen, but they nevertheless arrested him and charged him with possession of stolen property. Plaintiff maintains that at the time they arrested him, the officers did not have probable cause to arrest him because they had not "established that the plaintiff knew that the cell phone was [r]obbed and [d]eemed taken before [h]e possessed it." (*Id.* at 6.)

The complaint also suggests that Plaintiff is asserting defamation claims against the City of New York because an NYPD officer gave a statement about him to a newspaper. (*See id.* at 6.)

Plaintiff seeks money damages.

**DISCUSSION**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

A.   **Claims against the City of New York**

When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional

rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Here, Plaintiff does not allege facts suggesting that the City of New York has a policy, practice, or custom that has caused a violation of his rights. Plaintiff therefore fails to state a § 1983 claim against the City of New York. 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Individual liability**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). An individual defendant can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[1]

---

[1] "Although the Supreme Court's decision in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

Here, Plaintiff asserts that the individual police officers falsely arrested him, but he does not name these officers as defendants. The Court therefore grants Plaintiff leave to submit an amended complaint naming as defendants the police officers who were personally involved in arresting him.

C. **False arrest**

A claim for false arrest under § 1983 looks to state law as a starting point to determine the elements of a claim for false arrest. *See Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 925 (2017) ("[T]o flesh out the elements of this constitutional tort, we must look for 'tort analogies.'"); *see also Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018) (holding that common law principles are meant simply to guide rather than to control the definition of § 1983 claims and courts should not "mechanically apply" the law of New York State); *Boyd v. City of New York*, 336 F.3d 72, 75 (2d Cir. 2003).

To establish a false arrest claim under New York law, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest.") (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)) (internal quotation marks omitted).

Officers have probable cause to arrest when they have "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed . . . a crime." *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006). "Probable cause can exist even where it is based on

5

mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." *Bernard v. United States*, 25 F.3d 98, 102 (1994); *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (holding that a police officer is "not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest."). Put another way, police officers may have had probable cause to arrest if they have acted reasonably, even if they were mistaken.

Here, Plaintiff asserts that the arresting officers did not have probable cause to arrest him because they failed to establish at the time of arrest that he knew the phone was stolen. If Plaintiff files an amended complaint, he should allege any additional facts suggesting that the officers lacked probable cause to arrest him. Plaintiff should also include information about the disposition of his arrest; for example, the amended complaint should address whether the charges were dropped before he was prosecuted, he went to trial, or a jury acquitted him of the charges.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims. First, Plaintiff must name as the defendant(s) in the caption[2] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. Here, Plaintiff should name as defendants the individual officers that he alleges falsely arrested him. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[3] The naming of John Doe defendants, however,

---

[2] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[3] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-2013 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted. SO ORDERED.

Dated: March 20, 2020
New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

**-against-**

_____
_____
_____
_____
_____
_____
_____

**AMENDED COMPLAINT**
under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial: ☐ Yes    ☐ No
(check one)

\_\_\_ Civ. _____ ( )

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**I.    Parties in this complaint:**

A.    List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's   Name_____
              ID#_____
              Current Institution_____
              Address_____
              _____

B.    List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1   Name _____ Shield #_____
                  Where Currently Employed _____
                  Address _____
                  _____

| | | |
|---|---|---|
| | Defendant No. 2 | Name _____ Shield #_____ |
| | | Where Currently Employed _____ |
| | | Address _____ |
| | | _____ |
| | Defendant No. 3 | Name _____ Shield #_____ |
| | | Where Currently Employed _____ |
| | | Address _____ |
| | | _____ |

**Who did what?**

    Defendant No. 4    Name _____ Shield #_____

                                Where Currently Employed _____

                                Address _____

    Defendant No. 5    Name _____ Shield #_____

                                Where Currently Employed _____

                                Address _____

**II.    Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

    A.    In what institution did the events giving rise to your claim(s) occur?

            _____

    B.    Where in the institution did the events giving rise to your claim(s) occur?

            _____

    C.    What date and approximate time did the events giving rise to your claim(s) occur?

            _____

    D.    Facts:_____

**What happened to you?**

_____

___

**Was anyone else involved?**

**Who else saw what happened?**

### III. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

___

### IV. Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ____ No ____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B. Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes ____    No ____    Do Not Know ____

C. Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes ____    No ____    Do Not Know ____

If YES, which claim(s)?
_____

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes ____    No ____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ____    No ____

E. If you did file a grievance, about the events described in this complaint, where did you file the grievance?
_____

   1. Which claim(s) in this complaint did you grieve?
   _____
   _____

   2. What was the result, if any?
   _____
   _____

   3. What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process.
   _____
   _____
   _____
   _____

F. If you did not file a grievance:

   1. If there are any reasons why you did not file a grievance, state them here:
   _____
   _____
   _____

        2.        If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

    _____
    _____
    _____
    _____
    _____
    _____

G.        Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V.**    **Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____

**VI. Previous lawsuits:**

**On these claims**

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes ____ No ____

B. If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

3. Docket or Index number _____
4. Name of Judge assigned to your case_____
5. Approximate date of filing lawsuit _____
6. Is the case still pending? Yes ____ No ____

If NO, give the approximate date of disposition_____

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____
_____
_____

**On other claims**

C. Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes ____ No ____

D. If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

3. Docket or Index number _____
4. Name of Judge assigned to your case_____
5. Approximate date of filing lawsuit _____

6. Is the case still pending? Yes ____ No ____
   If NO, give the approximate date of disposition_____

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____
   _____
   _____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ___ day of _____, 20__.

                                          Signature of Plaintiff   _____

                                          Inmate Number      _____

                                          Institution Address    _____
   _____
   _____
   _____

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

                                          Signature of Plaintiff:   _____